UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **TREY GOMEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. 5:24-cv-102** |
| | § | |
| | § | |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE** | § | |
| **E HIJOS SA DE CV,** | § | |
| *Defendants.* | § | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

TO:    The Honorable United States District Court for the Southern District of Texas, Laredo Division:

Defendants, Elias Damian Aguilar and Transportes Especializados Antonio de la Torre E Hijos SA de CV (hereafter, "*Defendants*"), file this notice of removal under 28 U.S.C. §1446(a) to the United States District Court for the Southern District of Texas, Laredo  Division, and would respectfully show:

<u>A. Introduction</u>

1.    On May 20, 2024, Plaintiff, Trey Gomez, (hereafter, the "*Plaintiff*"), sued the above-named Defendants in the County Court at Law No. 1, Webb County, Texas. *See* Exhibits "2" and "3".

2.    In his suit styled *Trey Gomez v. Elias Damian Aguilar and Transportes Especializados Antonio de la Torre E Hijos SA de CV Cause No. 2024CVA000865C1*, Plaintiff alleges that he is entitled to recover damages due to a car collision that occurred on or about September 15, 2023. Plaintiff alleges that on that date, Defendant Aguilar, while in the course and scope of his employment with Defendant Transportes Especializados De La Torre E Hijos SA de CV, made an unsafe lane change and caused Plaintiff to crash his pickup truck into the tractor-trailer owned by

Transportes Especializados but being driven by Defendant Aguilar. *See* Exhibit "3".

3.     Defendants were served by Plaintiff's process server with a copy of Plaintiff's Original Petition at a yard in Laredo, Webb County (hereafter, the "*Original Petition*") on June 12, 2024, and June 13, 2024, respectively. *See* Exhibits "4" and "5." Defendants answered the Original Petition on July 5th, 2024. *See* Exhibit "6".

4.     Defendant files this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

<u>B. Basis for Removal</u>

5.     Removal is proper because there is complete diversity between the parties. 28 U.S.C. §1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006).

6.     According to the Original Petition, Plaintiff alleges that he is a resident of Bexar County, Texas, and appears to have been a resident of Texas at the time of commencement of this action. *See* Exhibit "3", Section III, paragraph 6.

7.     Named Defendants, *Elias Damian Aguilar is a citizen and resident of Mexico, and Transportes Especializados Antonio de la Torre E Hijos SA de CV*  is, likewise, a Mexican Company, incorporated and organized under the laws of the Republic of Mexico and maintains its principal place of business at Av. Veracruz 206, Santa Maria Tulpetlac, Ecatepec Edo de México C.P 55400.

Defendant Driver Aguilar is a citizen and resident of Mexico and lives at Calle Venustiano Carranza 66, Colonia Francisco Madero, Ecatepec de Morelos, Estado de Mexico, CP 55100.

Defendant Transportes Especializados maintains its corporate headquarters in Ecatepec Morelos, Estado de Mexico, CP 55400.

8.     Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

9.      Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). Plaintiff pleads for damages of "TWO-HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($250,000) OR LESS." *See* Exhibit "3", Section II, Paragraph 3.

10.     Plaintiff seeks recovery for past and future medical care, past and future mental anguish, and past and future pain and suffering. *See* Exhibit "3", Section VII, Paragraph 13.

11.      Because this action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

12.     Copies of all pleadings, process, orders, and other filings in the state court suit, as well as a list of counsel of record, are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibits "1" through "9".

13.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

14.      Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

<u>C. Jury Demand</u>

15.     Defendant demands a trial by jury.

<u>D. Conclusion</u>

16.     Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court over which this Court has original jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are diverse in citizenship.

17.     For these reasons, Defendants *Elias Damian Aguilar and Transportes Especializados Antonio de la Torre E Hijos SA de CV* ask the court to remove the suit to the United States District

Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**


By: _C Dorsett,_____
C. Robert Dorsett, Jr.
Attorney-in-Charge
Federal Bar No. 626099
State Bar No. 24029524
Jessica A. Putonti
State Bar No.  24041295
Carlos Cisneros
State Bar No. 00793508
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365
Facsimile:     (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANTS**


## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that I am a member of the firm of Dorsett Johnson & Cisneros, attorneys for the Defendants herein, and that I have provided a copy of the foregoing to all counsel of record as reflected below this 5th day of July 2024.


R. Scott Mellen
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
scottm@davislaw.com

_C Dorsett,_____
C. Robert Dorsett, Jr.

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **TREY GOMEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE** | § | |
| **E HIJOS SA DE CV,** | § | |
| *Defendants.* | § | |

<u>**INDEX OF DOCUMENTS FILED**</u>

As required under Local Rule 81, the following is a list of the documents being filed with

the Defendants Elias Damian Aguilar's and Transportes Especializados Antonio de la Torre E

Hijos SA de CV's ("*Defendants*") Notice of Removal in this action:

| Exhibit | Description |
|---|---|
| 1. | Index of Documents Filed |
| 2. | Docket Sheet for *Cause No. 2024CVA000865C1, Trey Gomez v. Elias Damian Aguilar and Transportes Especializados Antonio de la Torre E Hijos SA de CV, in the County Court at Law No. 1, Webb County, Texas.* |
| 3. | Plaintiff's Original Petition, filed May 20, 2024. |
| 4. | Return of Service Elias Damian Aguilar Served 6/12/2024 |
| 5. | Return of Service Transportes Especializados Antonio de La Torre E Hijos SA de CV, Served 6/13/2024 |
| 6. | Defendants Elias Damian Aguilar and Transportes Especializados' Original Answer, July 5, 2024 |
| 7. | Defendant Transportes Especializados' Motion to Bifurcate, July 5, 2024 |
| 8. | List of Counsel |
| 9. | Defendant's Notice of Filing of Notice of Removal |

# EXHIBIT "2"

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2024CVA000865C1

| | |
|---|---|
| TREY GOMEZ VS. ELIAS DAMIAN AGUILAR,TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV | § § § § § |

| | |
|---|---|
| Case Type: | **Injury or Damage - Motor Vehicle (CCLD)** |
| Subtype: | **Motor Vehicle Accident (CCLD)** |
| Date Filed: | **05/20/2024** |
| Location: | **--District-County Court At Law #1** |

## PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| Defendant | **AGUILAR, ELIAS DAMIAN** | |
| Defendant | **TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV** | |
| Plaintiff | **GOMEZ, TREY** | **ROBERT SCOTT MELLEN**<br>*Retained*<br>210-444-4444(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 05/20/2024 | **Civil Case Filed (OCA)** | | |
| 05/20/2024 | **Original Petition** | | |
| | *PLAINTIFF'S ORIGINAL PETITION* | | |
| 05/21/2024 | **Letter** | | |
| | *LETTER PAYING FOR COPIES FILED BY ATTORNEY ROBERT SCOTT MELLEN.* | | |
| 05/23/2024 | **Calendar Call** | | |
| | *CALENDAR CALL FAXED TO ATTORNEY ROBERT SCOTT MELLEN (DGC)* | | |
| 05/23/2024 | **Citation-Issuance** | | |
| | *(2) CITATIONS ISSUED AS TO ELIAS DAMIAN AGUILAR AND PLACED IN PRIVATE SERVER BOX. (DGC)* | | |
| 05/23/2024 | **Citation-Issuance** | | |
| | *(3) CITATIONS ISSUED AS TO TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV TO BE SENT THRU THE TEXAS TRANSPORTATION COMMISSION AND PLACED IN THE PRIVATE SERVER BOX. (DGC)* | | |
| 05/23/2024 | **Citation** | | |
| | AGUILAR, ELIAS DAMIAN | Served | 06/12/2024 |
| | | Returned | 06/20/2024 |
| 05/23/2024 | **Citation** | | |
| | TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV | Served | 06/13/2024 |
| | | Returned | 06/20/2024 |
| 06/20/2024 | **Affidavit Of Service** | | |
| | *AFFIDAVIT OF SERVICE. CITATION EXECUTED AS TO ELIAS DAMIAN AGUILAR. DATE OF SERVICE 06/12/2024* | | |
| 06/20/2024 | **Affidavit Of Service** | | |
| | *AFFIDAVIT OF SERVICE. CITATION EXECUTED AS TO TEXAS TRANSPORTATION COMMISSION. DATE OF SERVICE 06/13/2024* | | |
| 07/26/2024 | **Calendar Call**  (8:30 AM) (Judicial Officer Martinez, Hugo D.) | | |

# EXHIBIT "3"

Filed
5/20/2024 11:41 AM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2024CVA000865C1

CAUSE NO. _____ 2024CVA000865C1

| | | |
|---|---|---|
| TREY GOMEZ | § | IN THE COUNTY COURT |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | **AT LAW NO. ____** |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE E HIJOS** | § | |
| **SA DE CV DE** | § | **WEBB COUNTY, TEXAS** |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, TREY GOMEZ, hereinafter called Plaintiff, complaining of and about ELIAS DAMIAN AGUILAR, hereinafter called Defendant Aguilar, and TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV, hereinafter called Defendant Transportes Especializados, and for cause of action shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.   Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### JURISDICTION AND VENUE

2.   The subject matter in controversy is within the jurisdictional limits of this court.

3.   While Plaintiff believes that the valuation of the damages is uniquely within the purview of the jury, Plaintiff is required by Rule 47 of the Texas Rules of Civil Procedure to give an amount

which is being sued for in this cause of action. Plaintiff seeks monetary relief of $250,000.00 or less and non-monetary relief.

4.    This court has jurisdiction over the Defendants because the negligence alleged against Defendant, Elias Damian Aguilar was committed in this state. Tex. Civ. Prac.& Rem. Code § 17.042.

5.    Venue in Webb County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## III.
## PARTIES AND SERVICE

6.    Plaintiff, TREY GOMEZ, is an individual who is a resident of San Antonio, Bexar County, Texas. The last three digits of Plaintiff's Driver's License are: 523. The last three digits of Plaintiff's Social Security Number are: 142.

7.    Defendant, ELIAS DAMIAN AGUILAR, is an individual who is a resident of Laredo, Webb County, Texas and may be served with process at his home at 13606 Cabezut Drive, Laredo, Texas 78045, or wherever he may be found.

8.    Defendant, TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV is a foreign company doing business in the State of Texas, whose registered agent is Marco Antonio De La Torre Gonzalez, whose address is Avenida Veracruz No. 206, Tulpetlac Edo, de Mexico, Ecatepec C.P. 55400 and may be served by serving J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission at Texas at 125 E. 11th Street, Austin, Texas 78701.

## IV.
## FACTS

9.      Plaintiff brings this lawsuit to recover damages arising out of a motor vehicle collision,

which occurred on or about September 15, 2023.  On this date, Plaintiff and Defendant Aguilar,

then in the course and scope of his employment by Defendant Transporte Especializados were

traveling eastbound on SH-255 with Plaintiff traveling behind Defendants. Defendant Aguilar

failed to make a safe lane change and caused Plaintiff to crash into the tractor trailer being driven

by Defendant Aguilar. Because of Defendant Aguilar's inattentive driving, Defendant Aguilar

caused the crash in question and caused Plaintiff to suffer injuries.

## V.
## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT, ELIAS DAMIAN AGUILAR

10.     Defendant had a duty to exercise the degree of care a reasonably careful person would use

to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries

were proximately caused by Defendant's negligent, careless, and reckless disregard of said duty,

which consisted of, but are not limited to, the following acts and omissions:

> A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would
> have been maintained by a person of ordinary prudence under the same or similar
> circumstances;
>
> B. In that Defendant failed to apply his brakes in a timely manner;
>
> C. In that Defendant was distracted;
>
> D. In that Defendant failed to take proper evasive action; and
>
> E. In that Defendant was operating his vehicle in a willful and wanton disregard for
> her safety and the safety of others.

Each of the foregoing acts and/or omissions, singularly or in any combination with the

other, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

**VI.**
**RESPONDEAT SUPERIOR AS TO DEFENDANT,**
**TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV**

11.    Defendant Transportes Especializados is responsible for the actions of its employees while they are in the course and scope of their employment for Defendant Transportes Especializados. At all times material to this cause of action, Defendant Aguilar was an employee, agent, servant, or representative of Defendant Transportes Especializados and was acting in the course and scope of his employment for Defendant Transportes Especializados. Defendant Transportes Especializados exercised actual and/or contractual control over the actions of its employee, Defendant Aguilar.

12.    As described herein, Defendant Aguilar was negligent on the occasion in question. Defendant Aguilar's negligence was the proximate cause of Plaintiff's damages.

**VII.**
**DAMAGES FOR PLAINTIFF, TREY GOMEZ**

13.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer such general and special injuries and damages as occurs to one severely injured. Plaintiff should recover the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

Page **4** of **7**

    C.  Physical pain and suffering in the past;

    D.  Physical pain and suffering in the future;

    E.  Physical impairment in the past;

    F.  Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.  Mental anguish in the past; and

    H.  Mental anguish in the future.

14.  Plaintiff also seeks to recover prejudgment interest, post-judgment interest and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum.

## VIII.
## NOTICE OF INTENT TO USE RULE 193.7

15.  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use any documents produced by other parties through discovery and/or filed with the Court in any pretrial proceeding or at trial, unless, within ten days or a longer or shorter time ordered by the court, after the producing party has actual notice that the document will be used, the party objects to the authenticity of the document, or any part of it, stating the specific basis for objection.

## IX.
## NOTICE OF INTENT TO USE RULE 609(F)

16.  Pursuant to Rule 609(f) of the Texas Rules of Evidence, Plaintiff intends to use any criminal conviction of parties and/or any other person who is expected to be called to testify at trial.

## X.
## JURY DEMAND

17.  Plaintiff hereby demands a trial by jury.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TREY GOMEZ respectfully prays

Defendants, ELIAS DAMIAN AGUILAR and TRANSPORTES ESPECIALIZADOS ANTONIO

DE LA TORRE E HIJOS SA DE CV be cited to appear and answer herein, and upon a final hearing

of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount

within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of

injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest

at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

entitled at law or in equity.

Respectfully Submitted,

DAVIS LAW FIRM
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
T: 210-444-4444
F: 210-785-0806

By:_____
R. Scott Mellen (Of Counsel)
State Bar No. 24088046
E: scottm@davislaw.com
*Attorney for Plaintiff*

## COURTESY NOTICE TO DEFENDANT

**Your auto insurance policy with National Unity Insurance entitles you to a defense to this action. Please forward a copy of this petition to your insurance company _immediately_ and request they provide you with a proper defense.**

National Unity Insurance
Attn: Marila Martinez
PO Box 9060
Carlsbad, CA 92011
P: (866) 901-4496
F: (760) 827-4844

RE:

| | |
|---|---|
| Insured: | TRANSPORTES DE LA TORRE E HIJOS and ELIAS DAMIAN AGUILAR |
| Claim No.: | NUIP018254 |
| Date of Incident: | September 15, 2023 |

Page **7** of **7**

EXHIBIT "4"

Filed
6/20/2024 12:00 AM
Esther Degollado
District Clerk
Webb District
Frida Y. Garcia
2024CVA000865C1

## CAUSE NO. 2024CVA000865C1

| | | |
|---|---|---|
| TREY GOMEZ | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | AT LAW NO. 1 |
| ELIAS DAMIAN AGUILAR AND TRANSPORTES | § | |
| ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA | § | |
| DE CV DE | § | |
| Defendants. | § | WEBB COUNTY, TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Martin H. Vacca** who, being by me duly sworn, deposed and said:

"The following came to hand on **May 29, 2024, 11:06 pm,**

#### CITATION, PLAINTIFF'S ORIGINAL PETITION, AND NOTICE OF CALENDAR CALL,

and was executed at **13606 CABEZUT DRIVE, LAREDO, TX 78045** within the county of **WEBB** at **03:35 PM** on **Wed, Jun 12 2024**, by delivering a true copy to the within named

#### ELIAS DAMIAN AGUILAR

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Martin H. Vacca
PPS #1257
EXP: 07/31/2024

**BEFORE ME**, a Notary Public, on this day personally appeared **Martin H. Vacca**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON  06-13-2024

Notary Public, State of Texas

JEVONY JEANNINE VACCA
ID #129150700
My Commission Expires
October 03, 2024

Copy from re:SearchTX

**RETURN**

2024CVA000865C1

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**          COURT SET FOR 07/26/2024 AT 8:30 A.M.

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:   ELIAS DAMIAN AGUILAR
      13606 CABEZUT DRIVE    OR WHEREVER HE MAY BE FOUND
      LAREDO TX  78045

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE District-County Court At Law #1** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2024CVA000865C1, styled:

TREY GOMEZ, PLAINTIFF
VS.

ELIAS DAMIAN AGUILAR; TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV, DEFENDANTS

Said Plaintiff's Petition was filed on 05/20/2024 in said court by:

   ROBERT SCOTT MELLEN, ATTORNEY FOR PLAINTIFF
   10500 HERITAGE BLVD STE 102
   SAN ANTONIO TX  78216

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 23rd day of May, 2024.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Dyana Cuellar_ DEPUTY
      Dyana Cuellar

Copy from re:SearchTX

2024CVA000865C1

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2024 at _____ O'CLOCK _____.M. Executed at _____, within the COUNTY of _____ at _____ O'CLOCK ____.M. on the _____ day of _____, 2024, by delivering to the within named **ELIAS DAMIAN AGUILAR**, each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____

# EXHIBIT "5"

Filed
6/20/2024 12:00 AM
Esther Degollado
District Clerk
Webb District
Frida Y. Garcia
2024CVA000865C1

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Webb**                    **At Law #1 County Court**

Case Number: 2024-CVA000865C1

Plaintiff:
**TREY GOMEZ**

vs.

Defendant:
**ELIAS DAMIAN AGUILAR AND TRANSPORTES ESPECIALIZADOS ANTONIO
DE LA TORRE E HIJOS SA DE CV DE**

Received by Katherine Mitchell on the 12th day of June, 2024 at 11:34 pm to be served on **TRANSPORTES
ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV DE by serving J. BRUCE BUGG, JR.
CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION, 125 E. 11th Street, Austin, Travis County, TX
78701**.

I, Katherine Mitchell, being duly sworn, depose and say that on the **13th day of June, 2024** at **2:15 pm, I:**

served the **TEXAS TRANSPORTATION COMMISSION** by delivering duplicate copies of the **Citation, Plaintiff's
Original Petition** with the date of service endorsed thereon by me, to: **Carmen Jacquez** at **125 E. 11th Street,
Austin, Travis County, TX 78701**, as the designated agent for the Texas Transportation Commission's Chariman to
accept service of process on behalf of **TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA
DE CV DE**. The Statutory Fee of $25.00 was also tendered.

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501, and
501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the
State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-
referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the
outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 13th day of
June, 2024 by the affiant who is personally known to
me.

NOTARY PUBLIC

EMMANUEL F. MORALES
Notary Public, State of Texas
Comm. Expires 01-22-2028
Notary ID 130508182

**Katherine Mitchell**
PSC# 20586 Exp 01/31/2026

**Davila Civil Process
PO Box 1733
Helotes, TX 78023
(210) 790-3022**

Our Job Serial Number: CAN-2024000684

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Copy from re:SearchTX

# RETURN

2024CVA000865C1

## CITATION

**THE STATE OF TEXAS**

**COUNTY OF WEBB**     **COURT SET FOR 07/26/2024 AT 8:30 A.M.**

**NOTICE TO THE DEFENDANT:** "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:    TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV
      BY SERVING ITS REGISTERED AGENT:       TEXAS TRANSPORTATION COMMISSION
      MARCO ANTONIO DE LA TORRE GONZALEZ       BY SERVING CHAIRMAN, J BRUCE BUGG JR
      AVENIDA VERACRUZ NO 206       125 E 11TH STREET
      TULPETLAC EDO DE MEXICO ECATEPEE CP 55400       AUSTIN TX 78701

**DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE District-County Court At Law #1** of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2024CVA000865C1, styled:

**TREY GOMEZ, PLAINTIFF**
**VS.**
**ELIAS DAMIAN AGUILAR; TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV, DEFENDANTS**

Said Plaintiff's Petition was filed on 05/20/2024 in said court by:

    **ROBERT SCOTT MELLEN, ATTORNEY FOR PLAINTIFF**
    **10500 HERITAGE BLVD STE 102**
    **SAN ANTONIO TX 78216**

**WITNESS ESTHER DEGOLLADO,** DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 23rd day of May, 2024.

C    L    E    R    K      O    F      C    O    U    R    T



ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Dyana Cuellar_     DEPUTY
Dyana Cuellar

Copy from re:SearchTX

2024CVA000865C1

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2024 at
_____ O'CLOCK _____.M.    Executed    at
_____, within the COUNTY of _____
at _____ O'CLOCK _____.M. on the _____ day of
_____, 2024, by delivering to the within named
**TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV**,
each, in person, a true copy of this citation together with the
accompanying copy of the petition, having first attached such
copy of such petition to such copy of citation and endorsed on
such copy of citation the date of delivery.

The distance actually travelled by me in serving such process
was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____

DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally
appeared _____, who after being duly
sworn, upon oath said that a notice, of which the above is a
true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of
_____, _____, to certify which witness my hand and
seal of office.

_____

NOTARY PUBLIC

MY COMMISSION EXPIRES

_____

EXHIBIT "6"

## CAUSE NO. 2024CVA000865C1

| | | |
|---|---|---|
| **TREY GOMEZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **AT LAW NO. 1** |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE E HIJOS** | § | |
| **SA DE CV,** | § | |
| *Defendants*. | § | **WEBB COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER, GENERAL DENIAL WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, Elias Damian Aguilar and Transportes Especializados Antonio De La Torre e Hijos SA de CV (hereinafter "Defendants") and file this their Original Answer, Special Exceptions and Affirmative Defenses to Plaintiff's Original Petition (hereinafter the "Petition") and would respectfully show unto the Court as follows:

### I.   GENERAL DENIAL

1.      As authorized by Rule 92, Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations found in Plaintiff's Petition and, since they are allegations of fact, the Plaintiff should be required to prove the allegations asserted against Defendants by a preponderance of the evidence in accordance with the laws of the State of Texas.

### II. AFFIRMATIVE DEFENSES

2.      Subject to the above pleadings and pleading affirmatively, Defendants respectfully allege that Plaintiff's recovery of economic and non-economic damages is limited, pursuant to Tex. Civ. Prac. & Rem. Code. § 41.001, et. seq.

*Defendants' Original Answer and Affirmative Defenses*                                     Page 1 of 3

3.       Pleading further, and without waiver of the foregoing, Defendants deny that Plaintiff's injuries and damages, if any, proximately resulted from any act or omission on the part of the Defendants.

4.       Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, resulted from new and independent causes unrelated to any conduct of Defendants.

5.       Pleading further, and without waiving the foregoing, Plaintiff's injuries and damages, if any, were pre-existing.

6.       Subject to the above pleadings and pleading affirmatively, Defendants respectfully allege that Plaintiff's recovery of economic and non-economic damages is limited, pursuant to Tex. Civ. Prac. & Rem. Code. § 41.001, et. seq.

7.       Subject to the foregoing and pleading affirmatively, Plaintiff's harm and injuries resulted from his failure to keep a proper lookout.

8.       Subject to the foregoing and pleading affirmatively, Plaintiff was contributorily negligent in causing the occurrence in question.

### III. JURY DEMAND

9.       Defendants demand a trial by jury and hereby submit the appropriate fee.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully pray that Plaintiff take nothing herein, that Defendants be dismissed with their costs, and that Defendants recover costs of Court, and all other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

_____
C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Carlos H. Cisneros
State Bar No.00793508
3503 Wild Cherry Drive, Bldg. 6
Austin, Texas 78738
Telephone:     (512) 600-4365
Facsimile:     (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 5th day of July 2024:

R. Scott Mellen
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
scottm@davislaw.com

_____
C. Robert Dorsett, Jr.

EXHIBIT "7"

CAUSE NO. 2024CVA000865C1

| | | |
|---|---|---|
| TREY GOMEZ | § | IN THE COUNTY COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | AT LAW NO. 1 |
| ELIAS DAMIAN AGUILAR AND | § | |
| TRANSPORTES ESPECIALIZADOS | § | |
| ANTONIO DE LA TORRE E HIJOS | § | |
| SA DE CV | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

<u>DEFENDANT TRANSPORTES ESPECIALIZADOS' MOTION TO BIFURCATE</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Transportes Especializados Antonio de la Torre e Hijos S.A. de C.V. ("Transportes Especializados") and files this its motion to bifurcate trial, and respectfully shows as follows:

**I.**

1.    Defendant Transportes Especializados moves for bifurcation of trial pursuant to TEX. CIV. PRAC. & REM. CODE §72.051 through 72.054, which requires the Court to bifurcate trial as follows: See Sec. 72.052. BIFURCATED TRIAL IN CERTAIN COMMERCIAL MOTOR  VEHICLE ACCIDENT ACTIONS.

(a)    In a civil action under this subchapter, on motion by a defendant, the court shall provide for a bifurcated trial under this section.

(b)    A motion under this section shall be made on or before the later of:

(1)    the 120th day after the date the defendant bringing the motion files the defendant's original answer; or

(2)    the 30th day after the date a claimant files a pleading adding a claim or cause of action against the defendant bringing the motion.

(c)    The trier of fact shall determine liability for and the amount of compensatory damages in the first phase of a bifurcated trial under this section.

(d)     The trier of fact shall determine liability for and the amount of exemplary damages in the second phase of a bifurcated trial under this section.

(e)     For purposes of this section, a finding by the trier of fact in the first phase of a bifurcated trial that an employee defendant was negligent in operating an employer defendant's commercial motor vehicle may serve as a basis for the claimant to proceed in the second phase of the trial on a claim against the employer defendant, such as negligent entrustment, that requires a finding by the trier of fact that the employee was negligent in operating the vehicle as a prerequisite to the employer defendant being found negligent in relation to the employee defendant's operation of the vehicle. This subsection does not apply to a claimant who has pursued a claim described by this subsection in the first phase of a trial that is bifurcated under this section.

## **II.**

2.      Per TEX. CIV. PRAC. & REM. CODE §72.054, Defendant stipulates that at the time of the accident at issue in this case, the person operating the Transportes Especializados' vehicle was its employee and was acting within the scope of employment.

3.      This motion and stipulation are timely as they are made on or before the later of the 120th day after the date Defendant Transportes Especializados, filed its original answer or the 30th day after plaintiff filed a pleading adding a claim or cause of action against Defendant.

4.      Accordingly, Transportes Especializado's liability, if any, for damages caused by the ordinary negligence of a person operating the Defendant's commercial motor vehicle determined in the first phase of the trial shall be based only on respondeat superior.

5.      Upon bifurcation, Plaintiffs may not, in the first phase of the trial, present evidence on an ordinary negligence claim against Transportes Especializados, that requires a finding by the trier of fact that its employee was negligent in operating a vehicle as a prerequisite to Transportes Especializados being found negligent in relation to the employee defendant's operation of the vehicle. This includes, but is not limited to, claims such as negligent entrustment; negligent hiring, training, supervision, monitoring, or retention; and gross negligence.

**WHEREFORE,     PREMISES     CONSIDERED**,     Defendant     Transportes

Especializados, respectfully requests this motion to bifurcate be granted and that the employer liability and exemplary damages issues be tried separately from the negligence case against its driver as provided by TEX. CIV. PRAC. & REM. CODE §72.051 through 72.054. Defendant Transportes Especializados further requests such other and further relief to which it may be justly entitled.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Carlos Cisneros
State Bar No. 00793508
3503 Wild Cherry, Building 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

       Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 5th day of July 2024:

R. Scott Mellen
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
scottm@davislaw.com

_____

Carlos H. Cisneros

EXHIBIT "8"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **TREY GOMEZ** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Cause No. _____** |
| | § | |
| | § | |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE** | § | |
| **E HIJOS SA DE CV,** | § | |
| *Defendants.* | § | |

**<u>LIST OF COUNSEL OF RECORD</u>**

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| Trey Gomez, Plaintiff | R. Scott Mellen<br>Davis Law Firm<br>10500 Heritage Blvd., Suite 102<br>San Antonio, Texas 78216<br>scottm@davislaw.com |
| Transportes Especializados Antonio de La Torre E Hijos SA de CV, Elías Damian Aguilar, Defendants | C. Robert Dorsett, Jr.<br>Attorney-in-Charge<br>Federal Bar No. 626099<br>State Bar No. 24029524<br>Jessica A. Putonti<br>State Bar No.  24041295<br>Carlos Cisneros<br>State Bar No. 00793508<br>3503 Wild Cherry Dr., Bldg. 6<br>Austin, Texas 78738<br>Telephone:    (512) 600-4365<br>Facsimile:    (512) 266-3655<br>E-mail: eservice@dorsettjohnson.com |

# EXHIBIT "9"

**CAUSE NO. 2024CVA000865C1**

| | | |
|---|---|---|
| **TREY GOMEZ** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | **AT LAW NO. 1** |
| **ELIAS DAMIAN AGUILAR AND** | § | |
| **TRANSPORTES ESPECIALIZADOS** | § | |
| **ANTONIO DE LA TORRE E HIJOS** | § | |
| **SA DE CV** | § | |
| *Defendants.* | § | **WEBB COUNTY, TEXAS** |

## <u>DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL</u>

On July 5th, 2024, Defendants, ELIAS DAMIAN AGUILAR AND TRANSPORTES ESPECIALIZADOS ANTONIO DE LA TORRE E HIJOS SA DE CV filed a Notice of Removal (attached herein as **Exhibit A**) in the Office of the Clerk of the United States District Court for the Southern District of Texas, Laredo Division.

Respectfully submitted,

**DORSETT JOHNSON & CISNEROS**

C. Robert Dorsett, Jr.
State Bar No. 24029524
Jessica A. Putonti
State Bar No. 24041295
Carlos Cisneros
State Bar No. 00793508
3503 Wild Cherry Dr., Bldg. 6
Austin, Texas 78738
Telephone:    (512) 600-4365
Facsimile:    (512) 266-3655
E-mail: eservice@dorsettjohnson.com
**ATTORNEYS FOR DEFENDANTS**

*Defendant's Notice of Filing of Notice of Removal*                                    Page 1

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Texas Rules of Civil Procedure 21 and 21a, a true and correct copy of the foregoing has been served upon all counsel of record, via ProDoc E-Service and Electronic Mail, on this the 5th day of July 024.

R. Scott Mellen
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
scottm@davislaw.com

C. Robert Dorsett, Jr